CROMWELL (WILSON v.). See Case No. 17,799.

---

## Case No. 3,411.

### In re CRONEY et al.

### [8 Ben. 64.] [1]

District Court, S. D. New York. April Term, 1875.

#### RENT—COVENANT—USE AND OCCUPATION.

Bankrupts occupied a store, under a lease which contained a covenant that, in case of default in payment of the rent, the landlord might re-enter and re-let the premises as the agent of the tenants, and that they would pay him any deficiency in the amount of the rent so received. Some time after the bankruptcy, the landlord re-entered and re-let the premises, and he sought to prove against the estate, not only the rent due at the time of the bankruptcy, but the amount of the deficiency in the rent for the whole term of the lease: Held, that the provable debt must be limited to the rent due at the time of the bankruptcy, but there might be a claim for use and occupation of the premises by the court and the assignee after that time.

[In the matter of George W. Croney and Lorenzo Tuttle, bankrupts.]

The register in this case certified that the assignee had applied to him by petition for the re-examination of the claim of J. Weed Bell, who had filed a proof of debt amounting to $8,051.16; that he had taken testimony on such examination; and that the debt should be reduced to $1,011.65. The evidence showed that the bankrupts, at the time of the filing of the petition, occupied a store under a lease, by the terms of which $1,011.65 was the amount of the rent then due. The lease contained also this covenant: "That if any rent shall be due and unpaid, or if any default be made in any of the covenants herein contained, then the party of the first part at his option may re-enter said premises, and may thereupon re-let the same as the agent of the said parties of the second part for their benefit; and in case the rent received by said party of the first part as such agent of the parties of the second part be not equal in amount to the rent hereby reserved and agreed to be paid, in such case the parties of the second part hereby promise and agree to pay to the party of the first part such sum as will be sufficient to make up such deficiency." Some time after the filing of the petition, and after the sale of the stock in the store by the assignee, the landlord re-entered the premises and re-let them at a reduced rent, and the amount of the deficiency for the unexpired term, together with the rent due up to the time of the filing of the petition, constituted the debt, of which Bell had filed proof.

BLATCHFORD, District Judge. The provable debt ought to be reduced to $1,011.65. There may be a valid claim for the value of the use and occupation of the premises by the court and the assignee after the petition was filed.